No. 19-3435

---

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

Salvatore Ziccarelli,
        Plaintiff-Appellant,

v.

Thomas J. Dart, Sheriff of Cook County, Wyola Shinnawi and County of Cook,
        Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Illinois, Eastern Division,
Case No. 17 CV 3179
Honorable Ronald A. Guzman,
Judge Presiding

---

BRIEF OF DEFENDANTS-APPELLEES

---

KIMBERLY M. FOXX
State's Attorney of Cook County
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3469

*Attorney for Defendants-Appellees*

CATHY MCNEIL STEIN
Assistant State's Attorney
Chief, Civil Actions Bureau

KATHLEEN ORI
Assistant State's Attorney

*Of Counsel*

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................. i

TABLE OF AUTHORITIES ........................................................................... ii

JURISDICTIONAL STATEMENT ................................................................ 1

ISSUES PRESENTED FOR REVIEW .......................................................... 1

STATEMENT OF THE CASE........................................................................ 2

SUMMARY OF ARGUMENT ....................................................................... 5

STANDARD OF REVIEW ............................................................................. 6

ARGUMENT ................................................................................................... 7

I.     An FMLA Interference Claim Should Require A Plaintiff To Show A Causal
       Link Between The FMLA Request And A Negative Job Consequence ............ 7

II.    Defendants Did Not Interfere With Plaintiff Taking FMLA Leave ............... 11

       A.     Plaintiff Was Permitted To Take FMLA Time ...................................... 11

       B.     Defendants Did Not Otherwise Interfere With Plaintiff Taking His
              Remaining FMLA Because Neither Requesting Nor Taking FMLA
              Leave Caused Any Actual Negative Job Consequence ......................... 12

       C.      Plaintiff Had All The Necessary Information To Take FMLA Leave ..13

III.    Defendants Did Not Retaliate Against Plaintiff For Taking FMLA Leave ... 15

CONCLUSION............................................................................................... 17

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)........................... 18

PROOF OF SERVICE ................................................................................... 19

# TABLE OF AUTHORITIES

Cases                                                                    Pages

*Arban v. W. Publ'g Corp.*, 345 F.3d 390 (6th Cir. 2003)............................................. 10

*Argyropoulos v. City of Alton,* 539 F.3d 724 (7th Cir. 2008)...................................... 6

*Aubuchon v. Knauf Fiberglass, GMBH,* 359 F.3d 950 (7th Cir. 2004)...................... 15

*Boumehdi v. Plastag Holdings, LLC,* 489 F.3d 781 (7th Cir. 2007). .................. 16, 17

*Breneisen v. Motorola, Inc.*, 512 F.3d 972, 980 (7th Cir. 2008). ............................... 15

*Buie v. Quad/Graphics, Inc.*, 366 F.3d 496 (7th Cir. 2004)....................................... 16

*Callison v. City of Philadelphia*, 430 F.3d 117 (3d Cir. 2005)................................... 10

*Chapin v. Fort-Rohr Motors Inc.*, 621 F.3d 673 (7th Cir. 2010). ........................ 16, 17

*Guzman v. Brown County*, 884 F.3d 633 (7th Cir. 2018)........................ 1, 6, 7, 11, 16

*Kellogg v. Ball State University*,
___ F.3d ___, 2021 U.S. App. LEXIS 130 (7th Cir. January 5, 2021). ........................ 6

*Lewis v. Wilkie*, 909 F.3d 858 (7th Cir. 2018). ........................................................... 16

*Liu v. Amway Corp.*, 347 F.3d 1125 (9th Cir. 2003)................................................... 10

*Lutes v. United Trailers, Inc.*, 950 F.3d 359 (7th Cir. 2020). ........................... 7, 8, 14

*Monroe v. Ind. DOT*, 871 F.3d 495 (7th Cir. 2017)...................................................... 6

*Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806 (7th Cir. 2015)... 1, 7, 8, 11

*Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81 (2002). .................................. 11

*Righi v. SMC Corp. of Am.,* 632 F.3d 404 (7th Cir. 2011)......................................... 14

*Stallings v. Hussmann Corp.*, 447 F.3d 1041 (8th Cir. 2006). ..................................... 9

*Thompson v. Kanabec County*, 958 F.3d 698 (8th Cir. 2020). ........................... 7, 9, 11

*Valdivia v. Twp. High Sch. Dist. 214*, 942 F.3d 395 (7th Cir. 2019).......................... 12

*Waggel v. George Washington Univ.*, 957 F.3d 1364 (D.C. Cir. 2020). ............. 7, 9, 10

<u>Statutes and Rules</u>

29 U.S.C. § 2615(a) ..................................................................................... 1, 7

Federal Rule of Civil Procedure 56 ................................................................. 4

Local Rule 56.1 ................................................................................................ 4

## JURISDICTIONAL STATEMENT

The jurisdictional statement of Plaintiff-Appellant Salvatore Ziccarelli ("Plaintiff") is complete and correct.

## ISSUES PRESENTED FOR REVIEW

The FMLA prohibits an employer from interfering with or retaliating against an employee's exercise of FMLA rights. *See* 29 U.S.C. § 2615(a). The district court held that Defendants did not interfere with Plaintiff's right to take FMLA leave or retaliate against him for requesting leave. The issues presented are:

1.    Whether the fifth prong from the five-part test from *Guzman v. Brown County*, 884 F.3d 633, 640 (7th Cir. 2018) for a plaintiff to establish in an FMLA interference claim -- namely that the employer denied the FMLA benefits to which the employee was entitled -- is the proper articulation of that element.

2.    Whether the district court's grant of summary judgment on Plaintiff's FMLA interference claim was proper under either *Guzman* or the more expansive test from *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806 (7th Cir. 2015).

3.    Did Defendants interfere with Plaintiff taking FMLA leave when Plaintiff was provided accurate information about his remaining FMLA time?

4.    Was Plaintiff constructively discharged in retaliation for inquiring about his remaining FMLA time even though Plaintiff never received any discipline and received his full salary and benefits until he retired?

## STATEMENT OF THE CASE

### The Parties

Plaintiff was a Deputy Sheriff with the Cook County Sheriff's Office (CCSO), employed as a correctional officer. (App. 2A.)[1] Defendant Wyola Shinnawi was the FMLA manager with the CCSO's Human Resources Department. (App. 3A.) Defendant Thomas Dart is the Sheriff of Cook County. (App. 2A.) Defendant County of Cook was named for indemnification purposes. (App. 9A.)

### FMLA Request

CCSO has a policy and procedure for when employees request leave under the FMLA. (App. 85A.) In order to apply for FMLA leave, Plaintiff, like all CCSO employees, was required to complete and submit required documentation, including the FMLA Request form and a Certification of Health Care Provider form documenting the need for FMLA. (*Id.*) In a typical year, CCSO approves FMLA leave for between 1700 and 2000 employees. (App. 210A.)

At the time of his retirement in September 2016, Plaintiff had been working for the CCSO for 27 years and had been taking FMLA leave since at least 2007. (App. 82A.) In December 2015, Plaintiff submitted a written request for intermittent FMLA leave. (App. 91A-92A.) Along with his written request seeking intermittent leave, he provided a Certification of Health Care Provider form from a doctor that specialized in internal medicine. (App. 94A.) The form stated that Plaintiff suffered pain in his right lower extremity which impeded his ability to walk, a right shoulder injury which

---

1     Citations are to the Separately Bound Appendix (App.) or to the Short Appendix (S.A.) attached to Plaintiff's Brief.

prevented repetitive motion with his right shoulder, PTSD, and anxiety. (*Id.*) Defendant Shinnawi approved Plaintiff's request a few weeks later, in January 2016. (App. 89A.)

Approximately nine months later, in September 2016, Plaintiff telephoned Defendant Shinnawi and requested eight weeks of FMLA time. (App 46A.) During this single telephone call, Plaintiff did not identify why he needed the FMLA time. (*Id.*) The CCSO tracks FMLA hours in a database that Defendant Shinnawi was able to access. (App. 212A.) At the time of his request, Plaintiff had already used 304 hours of the 480 hours of FMLA leave time allotted during the relevant time period. (App. 82A, 215A.) During this telephone conversation, Defendant Shinnawi informed Plaintiff that he did not have sufficient FMLA time to cover eight weeks of leave. (App. 215A.)

At his deposition, Plaintiff testified that Defendant Shinnawi told him that if Plaintiff took unauthorized FMLA time, he would be disciplined. (App. 46A.) At her deposition, Defendant Shinnawi explained that if Plaintiff used FMLA that he did not have, his absence would be coded as unauthorized and then Attendance Review, which is a separate department from Human Resources, would handle it moving forward. (App. 214A.) Plaintiff concedes that the CCSO's Human Resources Department does not discipline employees. (App. 241A.) There is nothing in the record to suggest that Plaintiff submitted *any* FMLA documentation, including the required FMLA Request form or Certification of Health Care Provider form, in September 2016.

While Plaintiff had vacation time available at the time of his FMLA request, he did not ask Defendant Shinnawi during this telephone call whether he could use vacation time in lieu of FMLA. (App. 239A.) Defendant Shinnawi only has authority to approve FMLA leave and is not authorized to approve other types of leave. (App. 214A.) If Plaintiff wanted to use something other than FMLA leave (such as accrued sick time), he would need to seek approval from his supervisors through his chain of command. (App. 218A.) Plaintiff only spoke with Defendant Shinnawi about seeking the eight-week leave one time. (App. 237.) Plaintiff never discussed his medical issues with his supervisors. (App. 50A.)

Days after he had this one telephone conversation, Plaintiff retired, effective September 20, 2016. (App. 237A.) Plaintiff previously used FMLA leave to run concurrent to vacation leave. (App. 50A.) In his 27-year career, Plaintiff had never been disciplined for taking FMLA leave. (App. 37A, 49A.) Plaintiff remained a fully employed correctional officer at his regular salary until his retirement. (App. 237A.)

## The Lawsuit

On April 27, 2017, Plaintiff filed his lawsuit. Plaintiff's complaint identified the following claims: Disability Retaliation under Title VII (count I), FMLA Retaliation (count II), ADEA Violation (count III), Violation of Equal Protection of the Fourteenth Amendment (count IV), and indemnification against Cook County (count V). (App. 1A-10A.)

## The District Court Order

Defendants moved for summary judgment on all claims pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1. (App. 23A-232A.) Relevant

here, the district court entered judgment against Plaintiff on his FMLA claim. (S.A. Doc. 53.) The district court found that, to the extent Plaintiff was bringing an FMLA retaliation claim, it failed because Plaintiff did not present evidence that he was subject to an adverse employment action that occurred because he requested or took FMLA leave. (*Id.*, Doc. 53 at 2.) The district court noted that to the extent Plaintiff was attempting to allege constructive discharge, the claim failed because the record was "devoid of any facts that Plaintiff's working conditions were unbearable." (*Id.* at 3.) Finally, the district court found to the extent that Plaintiff was bringing an FMLA interference claim, it similarly failed, finding:

> Plaintiff points to no record evidence that he was told he could not take his remaining FMLA leave. Shinnawi told Plaintiff in a telephone conversation that he did not have sufficient hours to take the full eight weeks he requested as FMLA leave and that there could be consequences from the attendance review unit if he took time off to which he was not entitled. From what the Court can tell, Shinnawi did her job. … Plaintiff admits he made no effort to follow up with anyone to find out if he could use his sick days or vacation time to supplement any FMLA time he had remaining and instead, almost immediately retired.

(*Id.*)

## The Appeal

Plaintiff appeals the district court's granting of summary judgment. (App. 262A.)

## SUMMARY OF ARGUMENT

This Court should affirm the district court's orders which found no FMLA violations. Regardless of whether a plaintiff pursuing an FMLA interference claim must present evidence that the employer "denied" FMLA benefits to which the plaintiff was entitled, or merely "interfered with" those benefits, Defendants did

neither. Defendants never improperly denied FMLA leave to Plaintiff and never disciplined Plaintiff for taking FMLA leave. Moreover, Defendants did not discourage Plaintiff from taking FMLA leave to which he was entitled. There is no evidence that Defendants failed to provide Plaintiff with needed additional information about FMLA leave, and Plaintiff was already approved for taking FMLA leave at the time he made his additional request—he just did not have enough time remaining for his additional request. Plaintiff made a single telephone call and Defendant Shinnawi provided accurate information about his remaining FMLA leave, the only type of leave she was authorized to approve. Plaintiff never inquired about using additional types of leave and voluntarily retired.

The district court properly entered summary judgment, and this Court should affirm that judgment.

## STANDARD OF REVIEW

This Court reviews the district court's grant of summary judgment *de novo*. *Guzman*, 884 F.3d at 638; *Kellogg v. Ball State University*, ___ F.3d ___, 2021 U.S. App. LEXIS 130, *4 (7th Cir. January 5, 2021) (same). While this Court must construe all the facts and reasonable inferences in the light most favorable to the nonmoving party, this deference "does not extend to drawing inferences that are supported by only speculation or conjecture." *Monroe v. Ind. DOT*, 871 F.3d 495, 503 (7th Cir. 2017), *citing Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008).

## ARGUMENT

### I.    An FMLA Interference Claim Should Require A Plaintiff To Connect The FMLA Request With Some Sort Of Negative Job Consequence

The FMLA makes it unlawful for an employer to interfere with an employee's attempt to exercise FMLA rights. *Guzman*, 884 F.3d 633, 638 (7th Cir. 2018). In its Order dated July 31, 2020, this Court asked the parties to address the following issue:

> [W]hether a plaintiff pursuing a claim of interference with rights under the Family and Medical Leave Act, 29 U.S.C. § 2615(a), must present evidence that the employer "denied" FMLA benefits to which the plaintiff was entitled, or merely "interfered with" those benefits. Counsel shall address this question in light of the intra- and inter-circuit splits on this issue. *Compare Lutes v. United Trailers, Inc.*, 950 F.3d 359, 363 (7th Cir. 2020), with *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 816 (7th Cir. 2015); *see also, e.g., Thompson v. Kanabec Cty.*, 958 F.3d 698, 705 (8th Cir. 2020); *Waggel v. George Washington Univ.*, 957 F.3d 1364, 1376 (D.C. Cir. 2020).

(Seventh Circuit Docket, R. 20.)

This Circuit has consistently recognized the five factors that a plaintiff must establish to prevail on a FMLA interference claim and that the first four are whether: (1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, and (4) he provided sufficient notice of her intent to take leave. *Lutes v. United Trailers, Inc.*, 950 F.3d 359, 365 (7th Cir. 2020). The fifth prong of the test is where this Court sought further analysis regarding intra- and inter-circuit splits on this issue.

In *Lutes*, this Court stated that under the fifth prong, a plaintiff must establish that his employer *denied* him FMLA benefits to which he was entitled. *Id.* There, the case did not turn on that fifth prong, rather, the issue was notice and whether the employer had sufficient notice that the employee wanted to take FMLA leave,

whether it should have inquired further into the employee's injury, and whether the plaintiff would have sought to use leave differently if he knew he qualified for FMLA. 950 F.3d at 366. In *Preddie v. Bartholomew Consol. Sch. Corp.* (decided before *Lutes*), an earlier panel held that under the fifth prong, a plaintiff must establish that his employer "denied" *or* "interfered with" his FMLA rights. *Preddie v.* 799 F.3d 806, 816 (7th Cir. 2015).

*Preddie* stated that "[i]nterference also encompasses 'us[ing] the taking of FMLA leave as a negative factor in employment actions' and 'discouraging an employee from using such leave.'" *Id.* at 818. *Preddie* did not further explain what "discouraging an employee from using such leave" meant and the case did not hinge on that aspect, since the court concluded that there was evidence from which a jury could conclude that the defendant used "the taking of FMLA leave as a negative factor in employment actions" when one of the stated reasons for the non-renewal the plaintiff's employment contract was his absences -- almost all of which appeared to be related to FMLA-qualifying conditions. *Id.*

Both Plaintiff and the *Amicus* argue in their briefs that *Preddie* holds that, in addition to denying benefits, an FMLA interference claim includes "impermissibly discouraging an employee from using FMLA benefits." (*Amicus* Br. at 8; Plaintiff Br. at 12.) The *Amicus* Brief argues that no intra-circuit split exists because *Lutes* "buttresses rather than conflicts with this Court's conclusion in *Preddie* that an employer violates section 2615(a)(1) not just by denying FMLA benefits, but also by impeding an employee from using benefits to which he is entitled." (*Amicus* Br. at 19.) *Amicus* does not define what "impeding an employee from using benefits" means,

and expressly stated that it "does not take a position on what specific employer actions may constitute impermissibly discouraging the use of or otherwise interfering with an employee's FMLA benefits in this or any other case." (*Amicus* Br. at 4, fn. 2.) Defendants submit that the logical test for an FMLA interference claim would require a plaintiff to connect the FMLA request with a concrete negative job consequence. That is the approach that the Eighth Circuit has adopted.

Indeed, the Eighth Circuit requires a plaintiff to demonstrate a tangible harm connected to the FMLA request or leave. *Thompson v. Kanabec County* held that, in order to prevail on an interference claim, a plaintiff must show "that the employer's interference prejudiced the employee as the result of a real, remediable impairment of her rights under the FMLA." 958 F.3d 698, 705-06 (8th Cir. 2020) (quotation omitted). *Thompson* affirmed summary judgment on the interference claim finding that the plaintiff showed no prejudice resulting from a delay in responding to the FMLA request or failure to give notice about FMLA rights because the plaintiff was already on paid leave at the time of her request. *Id.* at 706. *Compare with Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1051 (8th Cir. 2006) (finding no interference claim because the plaintiff received all of the FMLA leave he requested and instead analyzing the claim as a retaliation claim).

Other courts have utilized a similar analysis. The District of Columbia Circuit recently held that to prevail on an FMLA interference claim, "a plaintiff must show (1) employer conduct that reasonably tends to interfere with, restrain, or deny the exercise of FMLA rights, and (2) prejudice arising from the interference." *Waggel v. George Wash. Univ.* 957 F.3d 1364, 1376 (D.C. Cir. 2020). *Waggel* held that comments

discouraging the plaintiff from retaining an attorney did not constitute FMLA interference because these comments merely suggested something that is both plausible and lawful: the retention of an attorney would prompt the employer to become more cautious in communicating with the plaintiff. *Id.* at 1377. "Without more, an employer's statements mentioning the lawful consequences [of an action] and asking an employee to refrain from [the action] do not run afoul of the FMLA's prohibition on interference." *Id.*

Courts in other jurisdictions agree that in order to prevail, a plaintiff alleging an FMLA interference claim needs to show a denial of FMLA leave or establish a tangible job harm connected to a lawful FMLA request. *See Arban v. W. Publ'g Corp.*, 345 F.3d 390, 402-03 (6th Cir. 2003) (interference claim where the plaintiff established he was asked to continue to perform work-related tasks while on leave and later terminated); *Liu v. Amway Corp.*, 347 F.3d 1125, 1133 (9th Cir. 2003) (triable issue on interference claim when the plaintiff's supervisor refused to grant her FMLA extensions to which she was entitled and pressured the plaintiff to reduce her leave time); *Callison v. City of Philadelphia*, 430 F.3d 117, 121 (3d Cir. 2005) (finding no interference claim because the employer's internal call-in policy neither conflicts with nor diminishes the protections guaranteed by the FMLA, and, accordingly, the plaintiff was required to comply with the policy and the employer did not abrogate his FMLA rights by placing him on suspension for call-in violations).

Defendants submit that the proper articulation for the fifth prong of the *Guzman* test for an FMLA interference claim is the one that this Court set forth in *Guzman*: did the employer deny the FMLA benefits to which the employee was

entitled? *Guzman*, 884 F.3d at 640. This approach is most consistent with the analytical framework from the Eighth Circuit and the United States Supreme Court in which employees bringing an FMLA interference claim must show the employer caused real, remedial impairment of their rights and resulting prejudice. *See Thompson*, 958 F.3d at 705-706, *citing Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89-90 (2002). But under the *Guzman* standard or the more expansive *Preddie* standard, *see Preddie,* 799 F.3d at 816, the entry of summary judgment for Defendants was proper and should be affirmed.

Here, the district court correctly analyzed Plaintiff's FMLA claim. Nothing in the record shows either denial of or interference with Plaintiff's FMLA rights. Because Defendants did not deny Plaintiff available FMLA leave and did not otherwise interfere with his right to take FMLA leave, his claim FMLA interference was baseless and was summary judgment was properly entered for Defendants.

## II.   Defendants Did Not Interfere with Plaintiff Taking FMLA Leave.

### A.   Plaintiff Was Permitted To Take FMLA Time.

Defendants did not deny any FMLA time to which Plaintiff was entitled. The record reflects that, at the time Plaintiff made his FMLA request in September 2016, he had already been approved to take FMLA leave. App. 89A. In fact, Plaintiff had already taken 304 hours of FMLA leave during the relevant time period. App. 82A, 215A. Because an employee is only permitted 480 hours of FMLA leave time in a year, Defendant Shinnawi accurately told Plaintiff that he did not have enough FMLA time to cover the entire leave requested. Plaintiff does not argue that he was told he could

not take his remaining FMLA leave. As such, Plaintiff cannot establish that Defendants denied any FMLA time to which Plaintiff was entitled.

Plaintiff's situation can be distinguished from the plaintiff in *Valdivia,* because there the plaintiff had the requisite amount of FMLA benefit time and the issue was whether her employer was put on notice of her need to take FMLA time. *Valdivia v. Twp. High Sch. Dist. 214*, 942 F.3d 395, 400 (7th Cir. 2019). Here, in contrast, Plaintiff sought to use *more benefit time* than he had. Plaintiff failed to provide any evidence that Defendants denied him any FMLA benefits to which he was entitled and which he properly requested.

## B.  Defendants Did Not Otherwise Interfere With Plaintiff Taking His Remaining FMLA Because Neither Requesting Nor Taking FMLA Leave Caused Any Actual Negative Job Consequence.

Additionally, Defendants never interfered with Plaintiff taking the leave he was entitled to take under the FMLA. As Plaintiff had previously used FMLA time during the applicable period, he did not have enough FMLA leave remaining to cover an additional eight-week FMLA request. (App. 82A, 89A.) Defendant Shinnawi merely told him that he did not have sufficient FMLA time to cover all eight weeks, which would require 400 hours. (*Id.*) Defendant Shinnawi provided accurate information to Plaintiff. Defendant Shinnawi only approves FMLA time, and Plaintiff did not inquire of anyone whether he could use other accrued time. (App. 50A.)

On appeal, Plaintiff argues he was discouraged from using FMLA time because Defendant Shinnawi told him that if he took "more FMLA," he would be "disciplined." (Plaintiff's Br. at 15.) As Defendant Shinnawi explained in her deposition, if Plaintiff used FMLA *that he did not have*, that it would be coded unauthorized and then

Attendance Review, which is a separate department from Human Resources, would handle it moving forward. (App. 214A.) Plaintiff conceded that someone like Defendant Shinnawi in the CCSO's Human Resources Department does not discipline employees. (App. 241A.) Nothing in the record indicates that Plaintiff was prohibited from using his remaining FMLA time that he had previously been approved to take. Rather, Defendant Shinnawi merely accurately informed him that he was not permitted to take FMLA leave that he did not have. To the extent Plaintiff did not understand his benefits after working at the Sheriff's Office for 27 years, rather than clarify his benefits with Defendant Shinnawi or any of his supervisors, Plaintiff chose to retire days after this single conversation. App. 237A. Plaintiff remained a fully employed correctional officer until his retirement. *Id.*

### C.    Plaintiff Had All The Necessary Information To Take FMLA Leave.

On appeal, Plaintiff argues that Defendants failed to provide him with information necessary to take his leave. Specifically, Plaintiff argues that Defendants interfered with his rights by (1) failing to notify him which requested days of leave were FMLA-qualifying, and (2) failing to responsively answer his questions about using other leave and possible punishment. Brief at 17. Not so. Even if Plaintiff had raised this argument before, Plaintiff's arguments have no merit.

While Plaintiff cites *Righi v. SMC Corp.* to argue that an employer must take "affirmative steps to process [a] leave request," Plaintiff's Br. at 16, the court there granted summary judgment in favor of the employer on the FMLA interference claim, finding the employee failed to follow the regulatory and workplace requirements in seeking the leave. 632 F. 3d 404, 412 (7th Cir. 2011). Similarly, here Plaintiff had a

single telephone call where he learned he had insufficient FMLA time remaining to take eight weeks of FMLA leave. Plaintiff never inquired about using his other benefit time and resigned soon after this single telephone call, without following the applicable regulatory or workplace requirements to properly request additional leave.

It is undisputed that Plaintiff never completed an additional FMLA Request form or a Certification of Health Care Provider form documenting the need for the eight weeks of FMLA he was seeking. (App. 94A.) This fact negates Plaintiff's claim that he needed additional information to take this additional leave. *See Lutes*, 950 F.3d at 365 (noting the requirement that an employee must comply with the employer's "usual and customary notice and procedural requirements for requesting leave.") Moreover, at the time Plaintiff made the verbal inquiry to Defendant Shinnawi, *he was already approved to take FMLA leave for his PTSD condition.* As such, Plaintiff was already permitted to use all of his remaining FMLA time and no additional approval was required. Plaintiff's apparent confusion regarding using his remaining FMLA time, coupled with his failure to reach out to his supervisors to use other benefit time or follow-up with Defendant Shinnawi after a single telephone call, does not create an FMLA interference claim. *Aubuchon v. Knauf Fiberglass, GMBH,* 359 F.3d 950, 953 (7th Cir. 2004) (holding that "[e]mployees should not be encouraged to mousetrap their employers by requesting FMLA leave on patently insufficient grounds and then after the leave is denied obtaining a doctor's note that indicates that sufficient grounds existed, though they were never communicated to the employer."). During the single telephone call, Defendant Shinnawi, who only had the

authority to approve FMLA time, correctly told Plaintiff that he did not have sufficient time remaining to take an additional eight weeks of FMLA leave.

## III.    Defendants Did Not Retaliate Against Plaintiff For Taking FMLA Leave.

Plaintiff's FMLA retaliation claim fails. The record is devoid of evidence that CCSO ever retaliated against Plaintiff for taking FMLA leave. Plaintiff minimizes his 27-year knowledge of how the Sheriff's Office works by arguing that "[a] person in Ziccarelli's shoes would have expected to be fired." (*Id.* at 23.) Plaintiff cites to *Breneisen v. Motorola, Inc.*, 512 F.3d 972, 980 (7th Cir. 2008) to argue that it was reasonable for him to believe Defendant Shinnawi could discipline him. (App. Br. at 28.) *Breneisen* is distinguishable because there, the plaintiffs could point to something that actually happened to them (a job transfer and a denial of tuition reimbursement). Here, Plaintiff was never reassigned nor disciplined for taking FMLA leave.

In order to prevail on a FMLA retaliation claim, a plaintiff must present evidence that he was subject to an adverse employment action that occurred *because* he requested or took FMLA leave. *Guzman*, 884 F.3d at 640. Here, Plaintiff voluntarily retired and was never disciplined. Moreover, a threat of discipline that does not occur is not an adverse employment action. *Lewis v. Wilkie*, 909 F.3d 858, 870 (7th Cir. 2018) ("There is ample precedent in this Circuit and in Supreme Court case law supporting the proposition that an adverse action in the Title VII retaliation context must produce a material injury or harm, and that unfulfilled threats do not meet that standard."); *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004) ("We evaluate a claim of FMLA retaliation the same way that we would evaluate a

claim of retaliation under other employment statutes, such as the ADA or Title VII.") Because Plaintiff never received any discipline or suffered any other adverse employment action for taking FMLA leave, he cannot establish FMLA retaliation.

Additionally, to the extent Plaintiff argues that his retirement was forced, his claim of constructive discharged similarly fails. To establish a constructive discharge claim, a plaintiff employee must show that, from the standpoint of a reasonable employee, the working conditions had become intolerable. *Chapin v. Fort-Rohr Motors Inc.*, 621 F.3d 673, 679 (7th Cir. 2010). This Court recognizes two forms of constructive discharge: (1) an employee resigns due to alleged discriminatory harassment; or (2) when an employer acts in a manner whereby a reasonable employee would believe that he will be terminated. *Id.* To support a constructive discharge claim, a plaintiff's working conditions must be even more egregious than the high standard for hostile work environment claims. *Boumehdi v. Plastag Holdings, LLC,* 489 F.3d 781, 789 (7th Cir. 2007). Plaintiff cannot meet this high standard.

Plaintiff cannot dispute that his decision to retire was not based on any harassment or diminishment of job responsibility or benefits, let alone the excessive harassment he must demonstrate. Nor did he have a reasonable belief of imminent discharge as he had never been disciplined for taking FMLA leave. *Chapin*, 621 F.3d at 680 (finding no constructive discharge because the plaintiff failed to show that a reasonable employee would believe termination was imminent or inevitable). The district court correctly found Plaintiff failed to establish constructive discharge or any adverse employment action.

## CONCLUSION

For the foregoing reasons, Defendants-Appellees respectfully request that this Court affirm the district court's order granting Defendants' motion for summary judgment.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ Kathleen Ori*
Assistant State's Attorney

Cathy McNeil Stein
Assistant State's Attorney
Chief, Civil Actions Bureau

Kathleen Ori
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3469

*Of Counsel*

19-3435

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

SALVATORE ZICCARELLI,
Plaintiff-Appellant,

v.

THOMAS J. DART, Sheriff of Cook
County, Illinois, WYOLA SHINNAWI, and COOK COUNTY
ILLINOIS, a municipal corporation,
Defendants-Appellees.

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1. This brief complies with the type-volume limitation of Fed. R. App. P.
   32(a)(7)(B) as it is less than 30 pages in length.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)
   and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief
   has been prepared in a proportionally spaced typeface using Microsoft Word
   2010 and footnotes in 12 point font in Century type.


*/s/ Kathleen Ori*
Kathleen Ori
Assistant State's Attorney
Attorney for Defendants-Appellees

Dated: January 14, 2021

# PROOF OF SERVICE

I, Kathleen Ori, Assistant State's Attorney, hereby certify that the attached document, along with the accompanying BRIEF OF DEFENDANTS-APPELLEES was served upon the below-listed registered e-filer, electronically, on January 14, 2021 and, upon acceptance by the Court of Appeals, will be mailed a hard copy.

Brian Wolfman, Attorney
GEORGETOWN UNIVERSITY LAW CENTER
600 New Jersey Avenue N.W. Suite 312
Washington, DC 20001-0000
Attorneys for Plaintiff-Appellant

Noel J. Francisco
DEPARTMENT OF JUSTICE
Office of the Solicitor General
950 Pennsylvania Avenue N.W.
Washington, DC 20530-0000
Invitee

Sharon Fast Gustafson
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street N.E.
Washington, DC 20507-0000
Invitee

Erin Mohan
DEPARTMENT OF LABOR
Office of the Solicitor
N-2716
200 Constitution Avenue N.W.
Washington, DC 20210-0000
Invitee

*/s/ Kathleen Ori*
Kathleen Ori
Assistant State's Attorney
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, Illinois 60602

Dated: January 14, 2021